IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY WAYNE JOHNSON, JR., | ) | No. C 11-0495 LHK (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS PETITION; DENYING |
| v. | ) ) | CERTIFICATE OF APPEALABILITY |
| A. HEDGPETH, Warden, | ) ) | (Docket No. 13) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging an administrative decision by the California Department of Corrections and Rehabilitation. Petitioner claims that he was denied his right to due process, and that he was actually innocent of the disciplinary charges. Respondent challenges the instant amended petition, arguing that it is untimely. Petitioner filed an opposition to the motion, and Respondent filed a reply. For the reasons stated below, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## BACKGROUND

According to the amended petition, in December 2007, Petitioner was accused of attempted battery on a peace officer. The violation report indicated that Petitioner refused to comply with orders to exit the shower area, and when Lieutenant Caprio opened the shower door, Petitioner lunged at him in an attempt to strike him. On March 13, 2008, after a disciplinary hearing, Petitioner was found guilty.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas

corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (*quoting* 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions, section 2244(d)(1)(D) applies, and the one-year limitations period begins to run on the date the administrative decision becomes final. *See id.* at 1066 (limitation period began to run the day after petitioner received timely notice of the denial of his administrative appeal challenging disciplinary decision). The "factual predicate" of the habeas claims is the administrative appeal board's denial of the administrative appeal. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003).

Here, the date upon which Petitioner learned of the factual predicate of his claim is the date Petitioner's administrative appeal was denied at the Director's level of review, i.e., on November 13, 2008. (Amended Petition ("AP"), Ex. 8.) Therefore, the limitations period began running on November 14, 2008. *See Shelby*, 391 F.3d at 1066. Thus, Petitioner had until November 13, 2009 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Although Respondent uses the filing date of Petitioner's amended petition – January 13, 2011 – Petitioner filed his original petition in the Eastern District on November 18, 2010. (Docket No. 1.) On December 8, 2010, the Eastern District dismissed the petition for failure to state a claim. However, it directed Petitioner to file an amended petition no later than February 18, 2011, that

"cures the deficiencies outlined," in order to "have this case reopened." On January 20, 2011, Petitioner filed his first amended petition. That same day, the Eastern District reopened the case. It appears that the Eastern District Court may have intended to dismiss the petition with leave to amend rather than dismiss it outright. Giving Petitioner the benefit of the doubt, this Court assumes that November 18, 2010 – the date Petitioner filed his original petition – is the operating date of the commencement of this action. Therefore, using November 18, 2010 as the filing date of this action, *Houston v. Lack*, 487 U.S. 266 (1988), Petitioner's petition is more than one year late. In fact, Petitioner concedes that his petition is untimely, but asserts that he is entitled to tolling, and that he is actually innocent of the challenged disciplinary conviction.

A.  Statutory tolling

The one-year statute of limitations is tolled under section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (*quoting* 28 U.S.C. § 2244(d)(2)). Twenty-nine days passed after the denial of Petitioner's appeal at the Director's level of review when Petitioner filed his first state habeas petition on December 12, 2008. (MTD, Ex. A.) Assuming that Petitioner is entitled to statutory tolling while exhausting his state court remedies, the statute was tolled through November 19, 2009, the date the California Supreme Court denied his state habeas petition. (AP, Ex. 9.) The statute of limitations began running again the following day, on November 20, 2009. Petitioner had 336 days (365 days minus 29 days) from November 20, 2009 to file his federal petition. In other words, Petitioner had to have filed his federal petition on or before October 22, 2010. However, Petitioner did not commence this action until November 18, 2010 – 27 days after the statute of limitations deadline. Because statutory tolling does not render the petition timely, the Court must decide whether equitable tolling saves the petition.

B.  Equitable Tolling

Petitioner argues that he is entitled to equitable tolling because he did not have meaningful access to the courts or the law library from December 23, 2007 through the present because he was being housed in administrative segregation, or otherwise restricted from accessing the law library. (Opp. at 2-4.) He further argues that he has been diligently pursuing his rights.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\pro-se\sj.lhk\hc.11\Johnson495mtdtime           3

Petitioner does not meet his burden of demonstrating that a basis for such tolling exists. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Supreme Court has determined that section 2244(d), is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562. The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Petitioner's argument that being placed in administrative segregation and having restricted access to the law library, without more, is not persuasive. The Ninth Circuit has clearly stated, "Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither "extraordinary" nor made it "impossible" for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule . . . ." *Ramirez*, 571 F.3d at 998. As in *Ramirez*, Petitioner offers no explanation regarding how his placement in administrative segregation or his restricted law library access made it impossible for him to file a timely federal petition. *See id.*; *see, e.g.*, *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

Further, Petitioner has failed to show a causal connection between his alleged inability to file a timely federal petition and his restricted access to the law library or administrative segregation placement. Between November 20, 2009, and October 22, 2010, Petitioner has filed at least five federal actions. *See Johnson v. Attorney General of California*, No. 10-3350 GW-JCG (C.D. Cal. filed May 5, 2010); *Johnson v. Fritz*, No. 10-01673 EJD (N.D. Cal. filed Apr. 19, 2010); *Johnson v.*

*Turchin*, No. 10-02381 UA-DUTY (C.D. Cal. filed Apr. 1, 2010); *Johnson v. Cate*, No. 10-1273 JW (PR) (N.D. Cal. filed March 25, 2010); and *Johnson v. Gains, et al.*, No. 09-02868 DMS-AJB (S.D. Cal. filed Dec. 12, 2009). Certainly, if Petitioner had the time and ability to file these other federal lawsuits, he should have been able to comply with the statute of limitations to file a timely federal petition for writ of habeas corpus. *See Gaston*, 417 F.3d at 1034-35; *see also Ramirez*, 571 F.3d at 998 (considering fact that prisoner made substantial legal filings in state court during relevant time period in concluding that limited law library and copier access did not make it impossible for him to file federal petition on time).

Because Petitioner fails to show what extraordinary circumstances *prevented* him from filing a timely federal petition, he is not entitled to equitable tolling.

C.  <u>Actual Innocence</u>

Petitioner asserts that because he is arguing that he is actually innocent, the statute of limitations does not apply to this action. In his petition, he states that the prison guards falsely accused him of attempted battery, and that the correctional officers lied at the hearing. In his opposition to Respondent's motion to dismiss, he states that, on July 26, 2010, he received "new" exculpatory evidence regarding his innocence from an inmate witness, and could not have presented this evidence any sooner. (Opp. at 3.)

"[A] credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, No. 09-53276, 2011 WL 3275947, *1 (9th Cir. Aug. 2, 2011) (en banc). Under this "equitable exception," a petitioner "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Id.* at *2. In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314-15 (*quoting McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. A petitioner must support his claims "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "By enumerating [these] categories of evidence that could prove

innocence, the Supreme Court made clear that less reliable kinds of evidence cannot support an actual innocence claim." *Lee*, 2011 WL 3275947, * 14 (Kozinski, J. concurring).

Here, Petitioner fails to make any tangible or specific showing of actual innocence. His petition offers conclusory statements that the officers falsely accused him of attempted battery, and falsely testified at the hearing in the same manner. The only new "evidence" he presents in his opposition to the motion to dismiss is that he discovered "new" exculpatory evidence in July 2010 from an inmate witness. Petitioner does not discuss what that exculpatory evidence was, much less demonstrate that with that evidence, it is more likely than not that no reasonable juror would have convicted him. *See Schlup*, 513 U.S. at 327.

Accordingly, Petitioner's assertion of actual innocence is insufficient to excuse the untimeliness of his federal petition.

## CONCLUSION

Respondent's motion to dismiss the petition (docket no. 13) is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED:     10/17/11

_____
LUCY H. KOH
United States District Judge